# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RANDALL MORSE,

          Plaintiff,

-vs-                                 Case No.  6:04-cv-1503-Orl-28JGG

SIMLEY CORP., d/b/a Inn On The Beach

          Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR ATTORNEYS' FEES** (Doc. No. 33) |
| **FILED:** | **January 6, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Defendant, Simley Corp., d/b/a Inn on the Beach ("Simley"), seeks $6,485.50 in attorneys' fees as the prevailing party in this claim for retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). As Plaintiff's claim was not frivolous, unreasonable, or without foundation, Defendant's motion for attorneys' fees (Docket No. 33) should be denied.

## I.    THE LAW

The United States Congress has determined that a court, in its discretion, may award reasonable attorney's fees, including expert fees, under Title VII and under § 1988 to a prevailing

party as part of its costs. *See* 42 U.S.C. § 2000e-5 (k): 42 U.S.C. § 1988 (b): *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416, 421 - 22 (1978). Entitlement to attorney's fees by a prevailing party under Title VII is governed by the United States Code, which provides:

> In any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (*including expert fees*) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5 (k) (emphasis supplied). Similarly, § 1988 (b) provides in relevant part:

> In any action or proceeding to enforce . . . [42 U.S.C. § 1983] . . . the court, in its discretion, may allow the prevailing party . . ., a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988 (b). Congress specifically drew the language of § 1988 (b) from preexisting fee provisions like those in Title VII (*i.e.*, § 2000e-5(k)). Congress intended that the standards for awarding fees under § 1988 be the same as those under the fee provisions of the 1964 Civil Rights Act. Thus, courts interpret § 2000 e-5(k) and § 1988 (b) in tandem when addressing the propriety of awarding attorney fees to a prevailing civil rights party.

The attorney's fee statutory provisions, however, are not self-executing. The statutes do not inform the judge as to what factors are relevant to the exercise of his discretion or as to what standards to apply. Given the numerous ways in which litigation can come to an ultimate conclusion, the statutes also do not provide the judge with guidance about when a party should be considered a "prevailing party." Congress left these issues for judicial interpretation.

1.     When Does a Civil Rights Party "Prevail"

Congress has employed the legal term of art "prevailing party" in numerous statutes authorizing awards of attorney's fees. *See, e.g.,* 42 U.S.C. § 3616 (c)(2); ADA, 42 U.S.C. § 12205;

Title VII, 42 U.S.C. § 2000e-5(k); 42 U.S.C. § 1988 (b).  On May 29, 2001, the Supreme Court defined a "prevailing party" for purposes of a fee-shifting statute as a "party in whose favor a judgment is rendered, regardless of the damages award." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001).[1]  To prevail, a party *must* be awarded *some relief* by a court.  *Id.*(emphasis added).  This may take the form of a judgment on the merits or a court-ordered consent degree.  *Id.*  Both create the "material alteration of the legal relationship of the parties" which is necessary to a fee award.  *Id.*

A party need not succeed on all issues in order to be deemed a "prevailing party."  It is only necessary to "establish his entitlement to *some relief* on the merits of his claims in the trial court or on an appeal." *Id.* at 604.  As explained by the Eleventh Circuit:

> To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however.  Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d) . . . .  A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims . . . . 10 *Wright & Miller, supra,* § 2667, p. 129-130.  Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (quoting from *United States v. Mitchell*, 580 F.2d 789, 793-94 (5th Cir. 1978) (citations omitted)).  Thus, the outer boundary of the term "prevailing party" is that a party must receive at least some relief on the merits of a claim before being considered a "prevailing party." *See Hewitt v. Helms*, 482 U.S. 755, 759 - 60 (1987).

---

[1] The *Buckhannon* Court's definition of a "prevailing party" was specifically written to apply under the FHAA, 42 U.S.C. § 3613 (c)(2) and ADA, 42 U.S.C. § 12205.  The Supreme Court, however, noted in dicta that the "prevailing party" provisions in certain other fee-shifting statutes should be interpreted consistently, and listed 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988. *Buckhannon*, 532 U.S. at 603, n.4.

This flexible rule allows the courts to balance the concerns for encouraging vigorous enforcement of civil rights against discouraging frivolous litigation within the specific and unique context of each individual case. Accordingly, where a defendant has prevailed on the merits of some of his claims, he may be deemed a prevailing party entitled to all costs (including fees) incurred in defending the suit. Under this standard, a prevailing party can redress those rare abusive situations in which a civil rights plaintiff files a blatantly frivolous claim, and then simply dismisses those claims voluntarily to avoid a judicial determination on the merits.

    2.    Standard Applicable to Prevailing Civil Rights Defendants

Neither § 1988 (b) nor § 2000e-5 distinguish between prevailing plaintiffs and prevailing defendants. However, the Supreme Court has developed two distinct standards – one for prevailing civil rights plaintiffs and another for prevailing civil rights defendants. Relying on Congress's intent to cast civil rights plaintiffs in the role of private attorneys general, and on the fact that attorney's fee awards to prevailing plaintiffs are necessarily awarded against violators of federal law. the Supreme Court has held that a prevailing civil rights plaintiff should ordinarily recover his attorney's fees unless special circumstances would render such an award unjust. *Christiansburg Garment Co.*, 434 U.S. at 416 - 18.

A far more rigorous standard applies to fee awards to prevailing defendants in civil rights cases. A prevailing defendant may recover its attorney's fees only where it establishes that the plaintiff's actions were frivolous, unreasonable, or without foundation, even though the action was not brought in subjective bad faith. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983): *Christiansburg Garment*, 434 U.S. at 441 (1978); *Cone Corp. v. Hillsborough County*, 157 F.R.D. 533. 540 (M.D. Fla. 1994). The United States Supreme Court has also made clear that a litigant's duty

to avoid frivolous litigation is a continuing obligation. *Christiansburg*, 434 U.S. at 422; *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1423 (11th Cir. 1996). Advocacy of a claim after it is clearly no longer tenable may subject the plaintiff to attorney's fees even though the complaint was not initially frivolous. *Christiansburg*, 434 U.S. at 422.

The standard for awarding attorney's fees to a prevailing defendant is a stringent one. *See Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *Walker v. Nations Bank of Fla., S.A.*, 53 F.3d 1548, 1558 (11th Cir. 1995). A case is frivolous if it is "so lacking in arguable merit as to be groundless or without foundation." *Sullivan*, 773 F.2d at 1188 (citing *Jones v. Tex. Tech. Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)). A court must not focus on whether the claim was ultimately successful in determining frivolity. *Id.* In applying the test, the court must remain cognizant of the Supreme Court's caution that:

> [i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg*, 434 U.S. at 421 - 22.

Typical "frivolity" cases include those where summary judgment is decided in favor of the defendant or on a Fed.R.Civ.P. 41 (b) motion for involuntary dismissal where the plaintiffs do not introduce any evidence in support of their claims. *See Sullivan*, 773 F.2d at 1189. A case is not frivolous where the plaintiffs provide sufficient evidence to support their claims. *Id.* Yet, where a

plaintiff continues to litigate even after the claim was clearly groundless. frivolous. or unreasonable, an award of fees may be proper. *See Sungard Bus. Sys., Inc.,* 91 F.3d at 1423.

While the inquiry is not subject to immutable rules. the Eleventh Circuit looks to three factors in determining whether a prevailing defendant is entitled to an award of attorney's fees: 1.) whether plaintiffs established a prima facie case; 2.) whether defendant offered to settle: and 3.) whether the action was decided on dispositive motions rather than at a trial on the merits. *See Head,* 62 F.3d at 356; *Sullivan v. Sch. Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir. 1985); *Cone,* 157 F.R.D. at 541.

In applying these three factors, the Court must remain cognizant of the definition of frivolity – whether an argument is "so lacking in arguable merit as to be groundless or without foundation." *See Sullivan,* 773 F.2d at 1188. Courts applying the three factors have been reluctant to award fees unless the plaintiffs refused to acknowledge clear precedent or asserted a claim which was based knowingly on a nonexistent interest. *See Head,* 62 F.3d at 356; *Cone,* 157 F.R.D. at 540. A defendant is not entitled to an award of attorney's fees and costs simply because it prevailed in summary judgment. *See, e.g., id.*("merely because plaintiff did not ultimately prevail on her federal claims does not determine that her claims were groundless"). Rigid application of these factors would lead to a result that Congress did not intend – that any defendant who prevailed on a dispositive motion would be entitled to fees.

## II.   APPLICATION

On July 2, 2002, Plaintiff Randall Morse. a former employee of Defendant Simley. filed a Charge of Discrimination ("Charge") with the United States Equal Opportunity Commission ("EEOC"). Docket No. 26-2 at 1.  On September 6. 2002, the EEOC sent Morse a Dismissal and

Notice of Rights ("Right to Sue Letter") which stated that if Morse decided to file an action against Simley, he must do so within ninety days of receipt of the letter. Docket No. 31 at 1. Morse states that he never received the September 6, 2002 Right to Sue Letter. *See* Docket No. 26-1 at 3, ¶ 11. On July 7, 2004, Morse's counsel requested, by fax, that the EEOC provide an update on Morse's Charge. Docket No. 31 at 2. The next day, on July 8, 2004, the EEOC sent, by fax and mail, a copy of the original Right to Sue Letter. *Id.* Morse received the fax on July 8, 2004 and the mailed copy on July 12, 2004. *Id.*

On October 12, 2004, Plaintiff Randall Morse filed this action seeking to hold Defendant Simley liable for employment discrimination under Title VII. Docket No. 1. On September 2, 2005, Simley moved for summary judgment contending that Morse's claim was time-barred because it was filed ninety-six days after Morse received the faxed copy of the Right to Sue Letter. Docket No. 23 at 2. Morse filed a memorandum in opposition arguing that he timely filed the claim within ninety days after receiving the mailed copy of the Right to Sue Letter on July 12, 2004. Docket No. 26 at 5. Morse also noted that even if the complaint had been filed late, under the United States Court of Appeals for the Eleventh Circuit case law, "the statutory limitation, pursuant to Title VII, is not jurisdictional, but is subject to equitable tolling." Docket No. 26 at 5, ¶ 24.[2]

On December 22, 2005, the Honorable John Antoon II granted summary judgment (and the clerk entered judgment) in favor of Simley ruling that Morse's claim was time-barred. Docket Nos. 30, 31. Judge Antoon found that the "plain language" of Title VII only requires that the EEOC provide "notice," and does not require that the EEOC notify Morse by U.S. mail. Docket No. 31 at 4. Judge

---

[2]Morse cited *Miller v. Marsh*, 776 F.2d 490 (11th Cir. 1985) and *Browning v. ATT Paradyne*, 120 F.2d 222 (11th Cir. 1997). *Id.*

Antoon also elected not to "equitably toll the ninety-day requirement." *Id.* at 5.  Simley now seeks attorneys' fees arguing that this action was "frivolous, unreasonable and groundless and/or [Morse] continued to litigate this matter after it became readily apparent that his lawsuit was frivolous, unreasonable and groundless." Docket No. 33 at 2.

The Court has reviewed Morse's actions in filing and pursuing his Title VII claim.  Although the record supports the district court's disposition of the case, this Court does not find that his claim was so patently devoid of merit as to support a finding that either its genesis or its continued prosecution was frivolous, unreasonable, and without foundation.  At most, Morse filed this action six days late.  Morse neither refused to acknowledge clear precedent nor asserted a claim that was based knowingly on a non-existent interest.  There was, in fact, no clear precedent.  Title VII does not specify what type of notice the EEOC had to give Morse.  *See* 42 U.S.C. § 2000e-5(f)(1); *see also*, Docket No. 31 at 4.  While the plain language of Title VII ultimately favored Smiley, Morse was not unreasonable in contending that his claim was not time-barred under a different interpretation of the statute.  To award Defendant attorneys' fees associated would be to do so merely because Simley prevailed at the dispositive motions stage.  Finally, the Court also notes there is no evidence as to whether Defendant ever offered to settle Morse's claims.  As stated earlier, review under *Christiansburg* is to be made on a case-by-case basis.  This Court finds that, on the facts of this case, Morse's filing and continued prosecution of his Title claim cannot support an award of attorneys' fees against him.

It is therefore **RECOMMENDED** that Defendant's Motion for Attorneys' Fees [Docket No. 33] be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January ___ 31 st ___, 2006.

James G. Glazebrook
United States Magistrate Judge

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy